J-S10009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE D. IMBALZANO | : | |
| | : | |
| Appellant | : | No. 1050 MDA 2019 |

Appeal from the PCRA Order Entered June 7, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000191-2015

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED: MAY 18, 2020**

Wayne Imbalzano appeals from the order entered in the Lackawanna County Court of Common Pleas, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. He alleges plea counsel rendered ineffective assistance by instructing him to plead guilty to a factually impossible crime. We affirm.

Imbalzano entered a guilty plea to one count of statutory sexual assault, victim under 16 and 11 years younger than defendant, and one count of corruption of minors.[1] The trial court sentenced him to 5-10 years' incarceration on the statutory sexual assault charge and 12-24 months' incarceration on the corruption of minors charge.

_____

[1] **See** 18 Pa. C.S.A. §3122.1(b); 18 Pa. C.S.A §6301(a)(1).

Imbalzano immediately filed a post-sentence motion seeking withdrawal of his guilty plea and reconsideration of his sentence. The trial court denied the petition. Imbalzano filed a timely appeal. This Court affirmed Imbalzano's judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal.

Imbalzano thereafter filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition alleging plea counsel's ineffectiveness. The court held an evidentiary hearing. The court then issued an order denying relief, and Imbalzano filed a timely notice of appeal. This matter is now properly before us.

Imbalzano's sole issue on appeal challenges the effectiveness of plea counsel. **See** Appellant's Brief, at 9. However, before we review the merits of his argument, we must determine the timeliness of the PCRA petition.

A PCRA petition is timely if it is filed within one year of the date the petitioner's judgment of sentence becomes final. **See** 42 Pa. C.S.A. § 9545(b)(1). "[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014).

Here, a previous panel of this Court affirmed Imbalzano's judgment of sentence. Our Supreme Court denied his petition for allowance of appeal on

October 10, 2017. His judgment of sentence thus became final on January 8, 2018, 90 days after our Supreme Court denied his petition for permission to appeal. **See** 42 Pa. C.S.A. § 9545(b)(3); **see also Commonwealth v. Feliciano**, 69 A.3d 1270, 1275 (Pa. Super. 2013). Imbalzano's petition, filed on July 18, 2018, is therefore timely.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In doing so, we read the record in the light most favorable to the prevailing party. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. **See Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014). We, however, afford no deference to the PCRA court's legal conclusions. **See id**.

Imbalzano asserts counsel was ineffective for advising him to plead guilty to a factually impossible crime. **See** Appellant's Brief, at 9. On the advice of counsel, Imbalzano pleaded guilty to one count of statutory sexual assault, victim under 16 years old and 11 or more years younger than defendant. **See id**. However, Imbalzano is approximately 10 years and 10 months older than the victim, and not 11 years older. **See id**. As such, Imbalzano argues counsel's failure to inform him of this factual discrepancy was ineffective

assistance resulting in prejudice to his case. *See id*. Therefore, he claims he is entitled to a new trial. *See id*., at 13. We disagree.

Claims of ineffective assistance of counsel during the plea-bargaining process are cognizable under the PCRA. *See Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa. Super. 2016). However, such claims entitle a petitioner to relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. *See id.*, at 1013. If the petitioner enters a counseled plea, the voluntariness of the plea is premised on whether counsel provided advice within the range of competence expected of criminal defense attorneys. *See id.*

Because we presume counsel's effectiveness, Imbalzano bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, Imbalzano must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. *See Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). He

must also establish that counsel's chosen strategy lacked a reasonable basis by "prov[ing] that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). Finally, Imbalzano must show that he suffered prejudice, "that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." ***Commonwealth v. Spotz***, 84 A.3d 294, 315 (Pa. 2014) (citation and quotation marks omitted).

Here, based on our review of the record, we conclude that it was factually impossible for Imbalzano to plead guilty to the offense charged because he is only 10 years and 10 months older than the victim. Therefore, he has established that his ineffectiveness claim has arguable merit.

However, Imbalzano fails to show that plea counsel lacked a reasonable basis for advising him to plead guilty to a factually impossible crime.

At the PCRA hearing, plea counsel testified about Imbalzano's plea agreement and the reasons as to why he advised Imbalzano to plead guilty to a factually impossible crime. Counsel explained that, because Imbalzano was a registered sex offender, he faced a mandatory minimum sentence of 25 years. ***See*** PCRA Hearing, 02/13/19, at 82. In addition, Imbalzano was arrested while on probation in an unrelated case and was subject to a probation violation. ***See id***., at 75-76. Thus, counsel sought to resolve the

case through a plea agreement that would shield Imbalzano from these aggravating factors at sentencing.

Counsel negotiated a plea agreement with the Commonwealth at Imbalzano's bail hearing. *See id*., at 76. The agreement provided that "in exchange for [Imbalzano] . . . [pleading guilty to one count of first-degree felony statutory sexual assault and one count of corruption of minors] . . . [the Commonwealth] would withdraw the [probation] violation . . . [and] would not file any charges . . . relat[ed] to any alleged Megan's Law violation." *Id*., at 84-85. However, a major issue existed with the proposed agreement. Counsel testified that he informed the Commonwealth that Imbalzano's age in relation to the victim's age did not support the statutory sexual assault charge. *See id*., at 85. In any event, the parties agreed to a stipulation regarding the statutory sexual assault charge. *See id*.

When discussing the plea agreement with Imbalzano, counsel explained that the underlying facts of the case did not satisfy the elements of first-degree felony statutory sexual assault. *See id*., at 85-86. He also indicated to Imbalzano that if he did not accept the terms of the plea agreement the Commonwealth would file additional charges, namely the Megan's Law violation, exposing him to a mandatory minimum sentence of 25 years. *See id*., at 86. As a result, Imbalzano accepted the plea agreement and pleaded guilty to statutory sexual assault - despite the factual impossibility - and corruption of minors. *See id*., at 87.

Based on these circumstances, we cannot conclude the PCRA court erred in finding that counsel's actions had a reasonable basis. The plea agreement counsel negotiated with the Commonwealth minimized Imbalzano's exposure to aggravating factors at sentencing. Further, had Imbalzano rejected the plea agreement and proceeded to trial, the Commonwealth would have filed additional charges and would have sought a 25-year mandatory minimum sentence for the Megan's Law violation. *See Commonwealth v. Williams*, 732 A.2d 1167, 1189 (Pa. 1999) ("A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued."). Therefore, the record supports a finding that counsel had a reasonable basis for advising Imbalzano to plead guilty to a factually impossible crime in order to secure a more lenient sentence.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020